**SHOU WU ZHANG, a.k.a. Shouwu Zhang, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–3136–ag.

United States Court of Appeals, Second Circuit.

Jan. 22, 2009.

Victoria Calle, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Barry J. Pettinato, Assistant Director, Robbin K. Blaya, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Shou Wu Zhang, a native and citizen of the People's Republic of China, seeks review of a May 27, 2008 order of the BIA affirming the June 29, 2006 decision of Immigration Judge ("IJ") Noel A. Brennan, denying his applications for asylum and withholding of removal. *In re Shou Wu Zhang*, No. A98 559 886 (B.I.A. May 27, 2008), *aff'g* No. A98 559 886 (Immig. Ct. N.Y. City June 29, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

We conclude that the BIA did not err in finding that Zhang failed to establish his

eligibility for asylum and withholding of removal. The BIA properly determined that Zhang is not eligible for relief based solely on his wife's alleged forced abortion. *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 314 (2d Cir.2007); *see also Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir.2007) (stating that a claim based solely on the forced sterilization of petitioner's wife would be "doomed"). Zhang does not challenge the BIA's finding in that respect.

Rather, Zhang argues that the BIA erred by not assessing his eligibility for asylum based on his own political opinion and the mistreatment he received at the hands of the Chinese government when he resisted family planning officials. We decline to consider those arguments as he failed to assert either of them before the BIA. Because petitioners must raise to the BIA the specific issues they later raise in this Court, and because the Government has advanced in its brief Zhang's failure to exhaust these arguments in the administrative proceedings, we decline to consider these unexhausted issues. *See Foster v. I.N.S.,* 376 F.3d 75, 78 (2d Cir.2004); *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20, 124 (2d Cir.2007) (describing this judicially imposed exhaustion requirement as mandatory and an "affirmative defense subject to waiver").[1]

Because Zhang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. I.N.S.,* 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is **DENIED.** As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DISMISSED** as moot. Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

1. There is no merit to Zhang's argument that the BIA erred in refusing to consider his late filed brief. *See Dedji v. Mukasey,* 525 F.3d 187, 192 (2d Cir.2008) (holding that "IJs are accorded wide latitude in calendar management," and the Court "will not micromanage their scheduling decisions any more than when [it] review[s] such decisions by district judges").